**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                          |   |                   |                |
|--------------------------|---|-------------------|----------------|
|                          | : |                   |                |
|                          | : |                   |                |
| IN RE: MARTHA AKERS      | : | Civil Action No.: | 22-2955 (RC)   |
|                          | : |                   |                |
|                          | : | Re Document No.:  | 11, 14, 15     |
|                          | : |                   |                |
|                          | : |                   |                |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Before the Court is Ms. Martha Akers's appeal from the U.S. Bankruptcy Court for the District of Columbia ("Bankruptcy Court").  Ms. Akers seeks review of two related orders: first, an order denying several of Ms. Akers's earlier motions—including a motion for relief from judgment, a motion for a stay of money held in the court register, and a motion for funds to hire expert witnesses, and second, an order denying Ms. Akers's motion for reconsideration.  Because the Court finds that the Bankruptcy Court did not clearly err in its finding of facts or abuse its discretion, the Court affirms in all aspects.

**II.  FACTUAL BACKGROUND**

This bankruptcy appeal has a lengthy record of motions and orders in proceedings centered around the foreclosure and sale of several of Ms. Akers's properties.  On November 17, 2016, Ms. Akers filed a voluntary petition commencing a case under chapter 13 of the Bankruptcy Code in accordance with 11 U.S.C. §§ 1321–22.  During a hearing on May 22, 2017, this case was converted to a chapter 7 case in accordance with 11 U.S.C. § 1307 on the basis that conversion was in the best interests of creditors and the estate, and Wendell W. Webster ("Mr. Webster"), the Appellee here, was appointed as the chapter 7 trustee.  *See* Conversion Order,

Bankruptcy Case No. 16-600, ECF No. 139.  Following the hearing on May 22, 2017, Ms. Akers sought to challenge the conversion of the case from a chapter 13 case to a chapter 7 case.  *See* Debtor's Mot. to Dismiss the Bankr. Case at 2, Bankruptcy Case No. 16-600, ECF No. 172 (seeking "modification from chapter 13 to chapter 7").  However, this request was not timely made.  *See* Order Den. Mot. for Recons. at 3, Bankruptcy Case No. 16-600, ECF No. 435.

On April 20, 2018, the Bankruptcy Court granted Mr. Webster's motion to sell a property owned by Ms. Akers.  *See* Order Granting Trustee's Mot. for Authority to Sell Real Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363, Bankruptcy Case No. 16-600, ECF No. 306.  A year later, on July 25, 2019, Mr. Webster filed a motion for approval of distributions and final report.  *See* Chapter 7 Trustee's Final Report Before Distribution, Bankruptcy Case No. 16-600, ECF No. 365; Chapter 7 Trustee's Notice of Final Report, Bankruptcy Case No. 16-600, ECF No. 366; Mem. Decision and Order Re Second Am. Mot. to Determine Secured Claim of Gary Coleman, Bankruptcy Case No. 16-600, ECF No. 356. On September 20, 2019, the Bankruptcy Court approved the final report and distributions.  *See* Order Approving Final Report, Bankruptcy Case No. 16-600, ECF No. 374.  After the trustee was unable to return the surplus funds from the sale to Ms. Akers for more than a year because Ms. Akers refused to accept the funds, the surplus funds were paid into the Bankruptcy Court's unclaimed funds registry on October 28, 2020.  *See* Report of Deposit of Unclaimed Funds, Bankruptcy Case No. 16-600, ECF No. 402.

Both before and after the conversion of Ms. Akers's case from chapter 13 to chapter 7, Ms. Akers launched extensive challenges against the decision-making of trustees and of the

Bankruptcy Court.[1]  Ms. Akers has frequently challenged the conduct of Mr. Webster as a chapter 7 trustee.[2]  Most relevant to this dispute, Ms. Akers filed four further motions in late 2021 and 2022.  On December 31, 2021, Ms. Akers again filed a motion challenging Mr. Webster's final report.  *See* Debtor's Opp'n to Trustee Final Account and Discharge and Mot. for Relief from a J. Pursuant to Rule 60(b)(1)(3) & (d)(1)(2)(3), Bankruptcy Case No. 16-600, ECF No. 416.  Six months later, on June 28, 2022, Ms. Akers filed a motion seeking an expedited hearing regarding her earlier motion for relief from a judgement.  *See* Mot. to Set an Expedited Hr'g Date Regarding Mot. for Relief from a J. or Order Pursuant to Rule 60(b), Bankruptcy Case No. 16-600, ECF No. 426.  On the same day, Ms. Akers also filed a motion seeking the stay of the money held in the court register.  *See* Mot. for Stay of the Money Held in the Court Register,

---

[1] Ms. Akers has challenged the final report submitted by Mr. Webster as chapter 7 trustee and the final report submitted by Mr. Webster's predecessor, the chapter 13 trustee.  *See* Debtor's Mot. in Opp'n to Chapter-13 Trustee Final Report and Account, Bankruptcy Case No. 16-600, ECF No. 166; Notice of Obj. to (i) Chapter 7 Trustee's Final Report and Appl. for Compensation Request for Hr'g, Bankruptcy Case No. 16-600, ECF No. 368; Notice of Obj. to Chapter 7 Bankruptcy (ii) All Fee Appl. for Compensation (iii) Req. for Hr'g, Bankruptcy Case No. 16-600, ECF No. 369.  Ms. Akers's challenges were dismissed by the Bankruptcy Court. *See* Order Dismissing Debtor's Opp'n to the Chapter 13 Trustee's Final Report and Account and Den. Debtor's General Req. for Review by a Panel of Three Judges, Bankruptcy Case No. 16-600, ECF No. 186 (dismissing Ms. Akers's opposition to the chapter 13 trustee's final report); Order Approving Final Report, Distribution and Appl. for Fees and Expenses, Bankruptcy Case No. 16-600, ECF No. 374 (resolving objections to the chapter 7 trustee's final report).

[2] Ms. Akers has also challenged Mr. Webster's appointment as a chapter 7 trustee, Mr. Webster's conduct as a chapter 7 trustee, and Mr. Webster's authority to sell properties.  *See* Debtor's Mot. to Dismiss the Bankruptcy Case at 2, Bankruptcy Case No. 16-600, ECF No. 172 (seeking modification from chapter 13 to chapter 7); Debtor's Obj. to Wendell Webster, Chapter 7 Trustee's Mot. and Judge S. Martin Teel Violating the Call for Recusal, Bankruptcy Case No. 16-600, ECF No. 190; Notice of Obj. to (i) Chapter 7 Trustee's Final Report and Appl. for Compensation Req. for Hr'g, Bankruptcy Case No. 16-600, ECF No. 368.  Each of these challenges was likewise rejected by the Bankruptcy Court.  *See* Order Den. Debtor's Obj. to chapter 7 Trustee, Bankruptcy Case No. 16-600, ECF No. 194; Order Den. Debtor's Mot. for Reh'g on Trustee's Mot. for Authority to Sell Real Property Free and Clear of Any Liens and Interests and Den. Any Other Relief Being Sought, Bankruptcy Case No. 16-600, ECF No. 314 (appeal dismissed); Order Approving Final Report, Distribution and Appls. for Fees and Expenses, Bankruptcy Case No. 16-600, ECF No. 374.

Bankruptcy Case No. 16-600, ECF No. 425.  Shortly thereafter, on July 15, 2022, Ms. Akers

filed a motion seeking access to funds to hire an expert witness.  *See* Mot. for Funds to Hire

Expert Witness, Bankruptcy Case No. 16-600, ECF No. 429.  All four of these motions were

addressed at a hearing on August 30, 2022, at which Ms. Akers was present.  During this

hearing, Ms. Akers made two further oral motions: a motion for a continuance of the hearing and

a motion for appointment of counsel.  *See* Order Den. Mots. at 2, Bankruptcy Case No. 16-600,

ECF No. 431.

At the conclusion of the hearing on August 30, the Bankruptcy Court dismissed all of Ms.

Akers's motions.  *Id.*  On September 8, 2022, Ms. Akers filed a motion seeking reconsideration

of this order.  *See* Pet'r's Mot. for Recons. of August 30, 2022 Decision, Bankruptcy Case No.

16-600, ECF No. 434.  Four days later, on September 12, 2022, the Bankruptcy Court denied

Ms. Akers's motion for reconsideration.  *See* Order Den. Mot. for Recons., Bankruptcy Case No.

16-600, ECF No. 435.

On September 23, 2022, Ms. Akers filed a notice of appeal, appealing the Bankruptcy

Court's orders issued on August 30, 2022 and September 12, 2022.  *See* Notice of Appeal at 2,

Bankruptcy Case No. 16-600, ECF No. 437.  This notice of appeal was transmitted on September

26, 2022.  *See* Transmittal of Notice of Appeal, Bankruptcy Case No. 16-600, ECF No. 438.  In

her brief, Ms. Akers specifies that she "appeals the opinion and order entered on August 30,

2022 . . . [and] September 12, 2022."  Appellant Br. at 1, ECF No. 8.  As a result, this Court

understands Ms. Akers to be appealing the following two orders of the Bankruptcy Court: (1) the

August 30, 2022 order denying several of Ms. Akers's motions; and (2) the September 12, 2022

order denying reconsideration of the August 30, 2022 order.

## III.  LEGAL FRAMEWORK

### A.  Jurisdiction

District courts have jurisdiction to hear appeals of the judgments, final orders, and decrees of bankruptcy courts under § 158(a) of Title 28 of the U.S. Code.  *In re Owens*, No. 19-cv-2491, 2020 WL 1911541, at *3 (D.D.C. Apr. 20, 2020).  Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).

The Court has jurisdiction to consider both of the appealed orders.  The August 30, 2022 Order Dismissing Motions is a "final order" under 28 U.S.C. § 158(a).  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586–87 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).  The August 30, 2022 order disposed of several discrete disputes that "conclusively determine[d] substantive rights of parties."  *In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469, 471 (D.D.C. 1990) (quoting *In re Delta Services Industries*, 782 F.2d 1267, 1269–70 (5th Cir. 1986)).  The September 12, 2022 Order Denying Motion for Reconsideration, as an order disposing of a discrete dispute, is also a "final order."  *See, e.g.*, *Allen v. Wells Fargo Bank Minn.*, 334 B.R. 746, 749–50 (D.D.C. 2005) (exercising jurisdiction to hear an appeal of an order denying a motion for reconsideration).

### B.  Standard of Review

A district court reviews the Bankruptcy Court's findings of fact for clear error, while conclusions of law are reviewed *de novo*.  *See Hope 7 Monroe St. Ltd. v. RIASO L.L.C.*, 473 B.R.

1, 6 (D.D.C. 2012), *aff'd sub nom. In re Hope 7 Monroe St. Ltd.*, 743 F.3d 867, 873 (D.C. Cir.

2014).  Ms. Akers, as appellant, holds the burden of proof, and to prevail she "must show that the

court's holding was clearly erroneous as to the assessment of the facts or erroneous in its

interpretation of the law and not simply that another conclusion could have been reached."

*Alberts v. HCA, Inc.*, 496 B.R. 1, 9 (D.D.C. 2013) (quoting *In re Johnson*, 236 B.R. 510, 518

(D.D.C. 1999)).  A finding of fact is clearly erroneous "when . . . the reviewing court on the

entire evidence is left with the definite and firm conviction that a mistake has been committed."

*In re Johnson*, 236 B.R. at 518 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395

(1948)).  Finally, equitable and discretionary decisions of the Bankruptcy Court are reviewed

under an abuse of discretion standard.  *See In re Capitol Hill Grp.*, 313 B.R. 344, 349 (D.D.C.

2004) (citing *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004); *In re I. Appel Corp.*, 300 B.R. 564

(S.D.N.Y. 2003)).  The burden of proof is on Ms. Akers, as "the party that seeks to reverse the

bankruptcy court's holding."  *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 537 (D.D.C.

2008).

## IV.  ANALYSIS

Ms. Akers appeals two orders from the Bankruptcy Court.[3]  The Court will analyze both

of the challenged orders in turn.  First, because the August 30, 2022 Order denies several

motions, the Court will consider the denial of each of the motions separately.  The Court

ultimately concludes that the Bankruptcy Court did not err in denying Ms. Akers's motions in its

August 30, 2022 Order.  Next the Court considers the Bankruptcy Court's September 8, 2022

Order Denying Reconsideration.  Again, the Court concludes that the Bankruptcy Court did not

---

[3] The Court is mindful that Ms. Akers is proceeding pro se, and that the pleadings of pro se parties "[are] to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted).

err in denying this motion.  Accordingly, the Bankruptcy Court's orders are affirmed, and Ms. Akers's appeal is denied.

### A.  August 30, 2022 Order Denying Motions

Ms. Akers appeals Judge Gunn's order on August 30, 2022 denying several of Ms. Akers's motions.  *See* Appellant Br. at 1.  Each of the dismissed motions will be considered in turn.

1.  Order Denying Opposing Trustee Final Account and Motion for Relief from Judgment

The Bankruptcy Court dismissed the Debtor's Opposition to Trustee Final Account and Discharge and Motion for Relief from a Judgment Pursuant to Rule 60(b)(1)(3) & (d)(1)(2)(3), Bankruptcy Case No. 16-600, ECF No. 416.  *See* Order Den. Mots., Bankruptcy Case No. 16-600, ECF No. 431.  In this motion, Ms. Akers made several arguments to challenge Mr. Webster's final account, including assertions that the judge engaged in unlawful activity, fraud under Fed. R. Civ. P. 60(b)(3), inadvertence and surprise under Fed. R. Civ. P. 60(b)(1), absence of subject matter jurisdiction, and failure to provide adequate notice.

For cases filed under the Bankruptcy Code, Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Rule 60 of the Federal Rules of Civil Procedure.  Fed. R. Bankr. P. 9024.  Under Rule 60(b), a "court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), because "the judgment is void," Fed. R. Civ. P. 60(b)(4), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  Ms. Akers, as the moving party, "must establish fraud or misconduct, and resulting actual prejudice,

by clear and convincing evidence." *Bennett v. United States*, 530 F. Supp. 2d 340, 341 (D.D.C. 2008).

The "district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988); *see also Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006); *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). This includes decisions by the Bankruptcy Court. *See, e.g.*, *In re Salas*, No. 20-cv-3091 (FYP), 2022 WL 1154596, at *8 (D.D.C. Apr. 19, 2022) (reviewing for a Bankruptcy Court's decision under Rule 60(b) on an abuse of discretion standard). When reviewing the appealed order, this Court must take into account that Rule 60(b) may be used "to challenge alleged legal errors only in the most extreme situations . . . ," *Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001) (citing *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C. Cir. 1975)), and that "Rule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice can be done in light of all the facts." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). When deciding how this balance is to be struck, district courts enjoy "a large measure of discretion." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987).

After a thorough review of Ms. Akers's filings, it seems that she is making several arguments in support of her claim for relief under Rule 60.[4] Ms. Akers claims that she has suffered injury at the hand of Mr. Webster and the Bankruptcy Court and that Mr. Webster and

---

[4] Ms. Akers's filings are long and at times disorganized. It is not always clear what it is that Ms. Akers is arguing, or how Ms. Akers's factual assertions connect to her legal claims. The Court makes its best effort to understand and resolve her arguments.

the Bankruptcy Court have produced false evidence against Ms. Akers.  *See* Appellant's Resp. to Ct.'s Order to Show Cause at 1, ECF No. 11.  More specifically, Ms. Akers argues: that she did not agree to the conversion of her case from Chapter 13 to Chapter 7; that the Chapter 13 Trustee purposefully acted against Ms. Akers's interests in a conspiracy with the Bankruptcy Court and that this resulted in a fraudulent foreclosure; that the Bankruptcy Court lacked subject matter jurisdiction because it held secret proceedings and did not give Ms. Akers adequate notice; and that her constitutional rights were violated contrary to 18 U.S.C. §§ 241 and 242.  *Id.* at 2–5. These arguments, and the factual assertions that Ms. Akers makes in support of them, often blend into one-another.

Ms. Akers makes specific reference to Rule 60(b)(1) and (3).  Rule 60(b)(1) empowers a court to relieve a party from a final judgment where there has been "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); Rule 60(b)(3) empowers a court to relieve a party of a final judgment where there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3).  Importantly, Rule 60(b)(1) is limited to "'obvious error[s],' such as [a court] basing its legal reasoning on case law that it failed to realize had recently been overturned."  *Munoz v. Bd. of Trs.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010) (citing *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C. Cir. 1975)).  Under Rule 60(b)(3), the moving party must show that the fraud, misrepresentation, or misconduct caused "actual prejudice," such that the "[other party's] conduct prevented [the moving party] from presenting [their] case fully and fairly."  *Ramirez v. Dep't of Justice*, 680 F. Supp. 2d 208, 210 (D.D.C. 2010).

Judge Gunn did not abuse her discretion in concluding that there were no grounds to relieve Ms. Akers from judgment under Rule 60(b).  All of the arguments raised by Ms. Akers in

her motion have each been addressed in prior decisions of the Bankruptcy Court. *See* Order Den. Debtor's Mot. to Recuse, Bankruptcy Case No. 16-600, ECF No. 116; Order Den. Debtor's Mot. to Recuse, Bankruptcy Case No. 16-600, ECF No. 123; Order Dismissing Debtor's Opp'n to the Chapter 13 Trustee's Final Report and Account and Den. Debtor's General Req. for Review by a Panel of Three Judges, Bankruptcy Case No. 16-600, ECF No. 186; Order, Bankruptcy Case No. 16-600, ECF No. 194; Order, Bankruptcy Case No. 16-600, ECF No. 221; Order, Bankruptcy Case No. 16-600, ECF No. 259. Ms. Akers has also previously filed a motion opposing Mr. Webster's final account alleging similar issues in 2019. *See* Notice of Obj. to (i) Chapter 7 Trustee's Final Report and Appl. for Compensation Req. for Hr'g, Bankruptcy Case No. 16-600, ECF No. 368; Notice of Obj. to Chapter 7 Bankr. (ii) All Fee Appl. for Compensation (iii) Req. for Hr'g, Bankruptcy Case No. 16-600, ECF No. 369. This motion was reviewed and rejected by the Bankruptcy Court. *See* Order Approving Final Report, Distribution and Appl. for Fees and Expenses, Bankruptcy Case No. 16-600, ECF No. 374 (resolving objections to the chapter 7 trustee's final report).

The Bankruptcy Court has reviewed Ms. Akers's arguments at length in these prior orders. The Court will not second guess the Bankruptcy Court's findings, "given [Judge Gunn's] familiarity with the evidence and [her] thorough analysis of the legal issues." *See In re Salas*, 2022 WL 1154596, at *8 (citing *Twelve John Does*, 841 F.2d at 1138). Ms. Akers's repetitive filings, which do not raise any new issues not previously addressed by the Bankruptcy Court, fall far short of proving an "obvious" error in Bankruptcy Court's reasoning or of demonstrating that she has been prevented from presenting her case fairly and fully. Judge Gunn therefore did not abuse her discretion in denying Ms. Akers's argument for relief under Rule 60.

### 2. Order Denying Motion to Set Expedited Hearing Date

The Bankruptcy Court also dismissed Ms. Akers's Motion to Set an Expedited Hearing Date Regarding Motion for Relief from a Judgment or Order Pursuant to Rule 60(b), Bankruptcy Case No. 16-600, ECF No. 426. *See* Order on Mot. to Expedite Hr'g, Bankruptcy Case No. 16-600, ECF No. 431. In this motion, Ms. Akers requested an expedited hearing date regarding a motion for relief from a judgment on the basis of "illegal activities," including failure to give adequate opportunity to be heard, unconscionability, and absence of subject matter jurisdiction. *Id.*

The hearing concerning Ms. Akers's motion for relief from a judgment was held on August 30, 2022. As was noted above, *see supra* at 6, Ms. Akers bears the burden of proof in this case. Ms. Akers has failed to demonstrate that she was disadvantaged by the denial of her motion for an expedited hearing date. The Bankruptcy Court did not err in denying Ms. Akers's Motion to Set an Expedited Hearing Date Regarding Motion for Relief from a Judgment or Order Pursuant to Rule 60(b).

### 3. Order Denying Motion for Stay of Money Held in Court Register

The Bankruptcy Court dismissed Ms. Akers's Motion for Stay of the Money Held in the Court Register, Bankruptcy Case No. 16-600, ECF No. 425. *See* Order on Mot. to Stay, Bankruptcy Case No. 16-600, ECF No. 431. In this motion, Ms. Akers made vague assertions that there are "greedy and immoral parties willing to do anything to access the money," that "Petitioner challenges the legality of the proceeding on all asserted grounds," and that "the Respondents engaged in illegal activities." *Id.* These vague and conclusory assertions do not offer a clear ground for granting a stay of the money held in the court register. Ms. Akers's filings for this appeal do not elaborate on these arguments, nor on what a stay of money held in

the court register would entail.  In her reply brief, Ms. Akers accuses Mr. Webster of engaging in

a "fraud[ulent] scheme" for failing to submit an objection to the application for the release of

funds held by the court by Fresh Start Recovery Partners LLC.  *See* Appellant's Reply Br. at 2,

ECF No. 15.  This application was filed by Fresh Start Recovery Partners LLC on December 16,

2021.  *See* Appl. to Release Unclaimed Funds, Bankruptcy Case No. 16-600, ECF No. 413.  Less

than two weeks later John P. Fitzgerald, III, Acting United States Trustee for Region Four,

objected to this application, United States Trustee's Objection to Second Application for

Payment of Unclaimed Funds, Bankruptcy Case No. 16-600, ECF No. 415, and less than a

month later the Bankruptcy Court found that the application "fail[ed] to meet . . . evidentiary

standards."  When Fresh Start Recovery Partners LLC failed to supplement its application, the

application to release funds was rejected by the Bankruptcy Court.  *See* Order Den. Appl. for

Unpaid Funds, Bankruptcy Case No. 16-600, ECF No. 423.

       An earlier application for payment of the surplus funds was made by Asset Recovery

Group on April 1, 2021.  *See* Appl. for Payment of Unpaid Funds, Bankruptcy Case No. 16-600,

ECF No. 403.  This application was likewise opposed by John P. Fitzgerald, III, *see* United

States Trustee's Obj. to Appl. for Payment of Unclaimed Funds, Bankruptcy Case No. 16-600,

ECF No. 406, and was rejected by the Bankruptcy Court in just over a month, *see* Order Den.

Payment of Unpaid Funds, Bankruptcy Case No. 16-600, ECF No. 407.  It seems that neither

Fresh Start Recovery Partners LLC nor Asset Recovery Group represented the same Ms. Akers

to which the surplus funds held in the court register belong, and that both groups instead

represented different individuals who happen to have the name "Martha Akers."  Ms. Akers

therefore clearly would not want the surplus funds released to these parties.  But if anything, the

quick opposition to these applications by the Acting United States Trustee John P. Fitzgerald, III

and the quick denial of these applications by the Bankruptcy Court indicate that the trustee and Bankruptcy Court are able to quickly identify and reject false applications. The current system for addressing applications for the release of the funds held in the court register is therefore working as intended.

Ms. Akers holds the burden of proof, *see supra* at 6, but has failed to identify any argument for why the order denying the stay should be overturned. Indeed, as discussed above, the current system seems to have worked well. Accordingly, the denial of Ms. Akers's motion for appointment of counsel is affirmed.

### 4.  Order Denying Debtor's Motion for Funds to Hire Expert Witnesses

The Bankruptcy Court also denied Ms. Akers's Motion for Funds to Hire Expert Witness, Bankruptcy Case No. 16-600, ECF No. 429. *See* Order Den. Mots., Bankruptcy Case No. 16-600, ECF No. 431. In this motion, Ms. Akers seeks funds "to hire expert witnesses to review [Ms. Akers's] medical and psychiatric history and the medication she was prescribed." Mot. for Funds to Hire Expert Witness, Bankruptcy Case No. 16-600, ECF No. 429 at 1. The other Circuits that have considered the issue have concluded that a denial of funds to hire an expert witness is reviewed on an abuse of discretion standard. *See United States v. Labansat*, 94 F.3d 527, 530 (9th Cir. 1996); *United States v. Pitts*, 346 F. App'x 839, 841 (3d Cir. 2009); *United States v. Bertling*, 370 F.3d 818, 820 (8th Cir. 2004).

The Due Process Clause requires that criminal defendants be equipped with the "the basic tools of an adequate defense . . . ." *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985). However, the "strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases . . . ." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 n.22 (1996). Moreover, the "Due Process Clause does not require that all persons everywhere be treated alike." *Noble v. United States*

*Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999).  Ms. Akers must show that the expert's

assistance is "likely to be a significant factor in [her] defense . . . ."  *Ake*, 470 U.S. at 82–83.  It is

not clear why expert witnesses reviewing Ms. Akers's medical and psychiatric history, as well as

Ms. Akers's medication, would be a significant factor in her case.  Ms. Akers has not offered any

further argument as to why such expert testimony would be a significant factor.  Accordingly,

the Bankruptcy Court did not abuse its discretion in denying Ms. Akers's motion for funds to

hire expert witnesses.

                5.   Order Denying Debtor's Motion for Appointment of Counsel

During the hearing on August 30, 2022, Ms. Akers made an oral motion for appointment

of counsel.  *See* Order Den. Mots. at 2, Bankruptcy Case No. 16-600, ECF No. 431.  The

Bankruptcy Court denied Ms. Akers's motion.  *Id.*

Judge Gunn rejected Ms. Akers's motion for appointment for counsel on the basis that

Ms. Akers was, and remains, entitled to the surplus funds paid into the court register on October

28, 2020.  *See* Order Den. Mot. for Recons. at 4, Bankruptcy Case No. 16-600, ECF No. 435.

These surplus funds held in the court register amount to $687,545.40.  *See* Report of Deposit of

Unclaimed Funds, Bankruptcy Case No. 16-600, ECF No. 402.  These funds were deposited with

the Bankruptcy Court after Mr. Webster made several attempts to contact Ms. Akers to transfer

the funds but was unable to do so.  Judge Gunn's factual findings that Ms. Akers remains entitled

to the surplus are reviewed for clear error.  *See Alberts v. HCA, Inc.*, 496 B.R. 1, 8 (D.D.C.

2013); *Hope 7 Monroe St. Ltd.*, 473 B.R. at 6, *aff'd sub nom. In re Hope 7 Monroe St. Ltd.*

*P'ship*, 743 F.3d 867.  Judge Gunn did not clearly err in these findings.  Judge Gunn clearly laid

out her findings, *see* Order Den. Mot. for Recons., Bankruptcy Case No. 16-600, ECF No. 435 at

4, which are supported by Mr. Webster's report on the deposit of the surplus funds, *see* Report of

Deposit of Unclaimed Funds, Bankruptcy Case No. 16-600, ECF No. 402.  Indeed, Ms. Akers

does not dispute that she remains entitled to these surplus funds.  *See* Appellant's Reply Br. at 2,

ECF No. 15.

The ultimate decision to refuse to appoint counsel is a discretionary one reviewed on the

abuse of discretion standard.  *See Snipes v. Chutkan*, 839 F. App'x 563, 563 (D.C. Cir. 2021)

(per curiam); *Johnson v. D.C. Gov't*, No. 03-7142, 2004 WL 758958, at *1 (D.C. Cir. Apr. 7,

2004) (per curiam).  In light of the substantial surplus funds being held by the court and available

to Ms. Akers, Judge Gunn did not abuse her discretion in finding that Ms. Akers was not entitled

to the appointment of pro bono counsel.  Accordingly, the denial of Ms. Akers's motion for

appointment of counsel is affirmed.

### 6.  Order Denying Debtor's Motion for Continuance

During the hearing on August 30, 2022, Ms. Akers also made an oral motion for a

continuance.  *See* Order Den. Mots. at 2, Bankruptcy Case No. 16-600, ECF No. 431.  The

Bankruptcy Court also denied this motion.  *Id.*

Judge Gunn's denial was based on the "pendency of the Debtor's Motions for over eight

months. . . ."  Order Den. Mot. for Recons., Bankruptcy Case No. 16-600, ECF No. 435 at 4.

Like the denial of the motion for appointment of counsel, denial of a motion for continuance is

reviewed on the abuse of discretion standard.  *See United States v. Stanfield*, 360 F.3d 1346,

1358 (D.C. Cir. 2004).  As the Bankruptcy Court noted, Ms. Akers's motions were pending for

many months and raised arguments that the Bankruptcy Court had already considered.  Judge

Gunn therefore did not abuse her discretion in concluding that a motion for a continuance would

not be helpful in bringing new arguments or information to light and that therefore such a motion

should be denied.  Moreover, in order to obtain a reversal on the basis of the denial of a motion

for a continuance, "an appellant must show that actual prejudice resulted from denial of the continuance." *United States v. Celis*, 608 F.3d 818, 839 (D.C. Cir. 2010) (citing *United States v. Kelley*, 36 F.3d 1118, 1126 (D.C. Cir. 1994)).  Ms. Akers has made extensive filings to the Bankruptcy Court in the past several months and has made oral representations at hearings. There has been ample opportunity for Ms. Akers to present her arguments, and Ms. Akers has failed to demonstrate that the denial of the continuance has caused her actual prejudice.

### B.  September 8, 2022 Order Denying Motion for Reconsideration

On September 8, 2022, Ms. Akers filed a motion to reconsider the August 30 order.  *See* Mot. for Recons., Bankruptcy Case No. 16-600, ECF No. 434.  Judge Gunn denied this motion on September 12, 2022.  *See* Order Den. Mot. for Recons., Bankruptcy Case No. 16-600, ECF No. 435.  Ms. Akers appeals this denial.  *See* Appellant Br. at 1.

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure.  Fed. R. Bankr. P. 9023.  A court may "grant a new trial on all or some of the issues," Fed. R. Civ. P. 59(a), or grant a "motion to alter or amend a judgment," Fed. R. Civ. P. 59(e).  Importantly, Rule 59(e) does not allow Ms. Akers to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2810.1, pp. 127–128 (2d ed. 1995)). Motions under Rule 59(e) are "disfavored and the moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).  Rule 59 motions must only be granted if: "(1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be

amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Decisions refusing to vacate a judgment under Rule 59 are reviewed for abuse of discretion.  *See Osborn v. Visa Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

As was noted above, *see supra* at 10, Ms. Akers's arguments have all been reviewed before the Bankruptcy Court.  Ms. Akers may not use a Rule 59 motion to relitigate issues that she has already argued before the Bankruptcy Court.  Because Ms. Akers failed to prove that there had been an intervening change of controlling law, that new evidence had become available, or that the judgment should be amended to correct clear error or prevent manifest injustice, Judge Gunn did not err in finding that Ms. Akers had not met the standard under Rule 59.  Judge Gunn therefore did not abuse her discretion in finding that Ms. Akers's arguments had been raised and considered before, and that these same issues may therefore not be relitigated under Rule 59(e).

## V.  CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the Bankruptcy Court's August 30, 2022 Order Denying Motions and **AFFIRMS** the September 12, 2022 Order Denying Motion for Reconsideration.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 28, 2023                                    RUDOLPH CONTRERAS
                                                             United States District Judge