UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| IN RE: MARTHA AKERS | : : : : : : : : : | Civil Action No.: Re Document No.: | 22-2955 (RC) 19 |

**MEMORANDUM OPINION**

DENYING APPELLANT'S MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

On September 28, 2023, this Court dismissed Ms. Martha Akers's *pro se* appeal from the U.S. Bankruptcy Court for the District of Columbia because the Court found that the Bankruptcy Court did not clearly err in its finding of the facts or abuse its discretion.  Ms. Akers now asks this Court to reconsider its decision affirming the Bankruptcy Court's denial of her motions.[1] Because Ms. Akers has not established that she is entitled to relief under Federal Rule of Civil Procedure 59(e), the Court denies her motion for reconsideration.

### II.  FACTUAL BACKGROUND

The instant motion for reconsideration involves a bankruptcy proceeding "centered around the foreclosure and sale of several of Ms. Akers's properties."  *In re Akers*, No. 22-cv-2955, 2023 WL 6312403, at *1 (D.D.C. Sept. 28, 2023).  On November 17, 2016, Ms. Akers filed a voluntary petition to commence a case under chapter 13 of the Bankruptcy Code.  *Id.* at

---

[1] The Court is mindful that Ms. Akers is proceeding *pro se*, and that the pleadings of *pro se* parties "[are] to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted).

\*1.  During a hearing on May 22, 2017, the case was converted to a chapter 7 case in conformity with 11 U.S.C. § 1307 because the "conversion was in the best interests of creditors and the estate," and Wendell W. Webster was appointed as the chapter 7 trustee.  *Id*.  Ms. Akers sought to challenge the conversion, but her request was not timely made.  *Id.*

On April 20, 2018, the Bankruptcy Court granted Mr. Webster's motion to sell a property owned by Ms. Akers.  *Id.*  Then, on July 25, 2019, Mr. Webster filed a motion for approval of distributions and final report, which the Bankruptcy Court approved on September 20, 2019.  *Id.*  After Ms. Akers refused to accept the surplus funds for more than a year, the funds were paid into the Bankruptcy Court's unclaimed funds registry in October 2020.  *Id.*

During these proceedings, Ms. Akers "launched extensive challenges against the decision-making of … the Bankruptcy Court" and against the conduct of Mr. Webster.  *Id.*  Most relevant to the present motion for reconsideration, Ms. Akers filed four motions in late 2021 and in 2022: (1) a December 31, 2021 motion challenging Mr. Webster's final report and seeking relief from a judgment, (2) a June 28, 2022 motion seeking an expedited hearing about her earlier motion for relief from a judgment, (3) a June 28, 2022 motion seeking the stay of money that was held in the court register, and (4) a July 15, 2022 motion seeking access to funds to hire an expert witness.  *Id.*  The Bankruptcy Court addressed these motions at an August 30, 2022 hearing where Ms. Akers made two additional oral motions, one for continuance of the hearing and the other for appointment of counsel.  *Id.* (citing Order Den. Mots. at 2, Bankruptcy Case No. 16-600, ECF No. 431).  The Bankruptcy Court denied all of Ms. Akers's motions.  *Id.* at \*2.  Ms. Akers then filed a motion seeking reconsideration of the order, and the Bankruptcy Court denied the motion on September 12, 2022.  *Id.* (citing Order Den. Mot. for Recons., Bankruptcy Case No. 16-600, ECF No. 435).

2

On September 23, 2022, Ms. Akers filed a notice of appeal, appealing the Bankruptcy Court's orders issued on August 30, 2022 and September 12, 2022. *Id.* (citing Notice of Appeal at 2, Bankruptcy Case No. 16-600, ECF No. 437); *see* 28 U.S.C. § 158(a)–(a)(1) (conferring jurisdiction on federal district courts "to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts). On September 28, 2023, the Court affirmed the Bankruptcy Court in all respects. *See In re Akers*, 2023 WL 6312403, at *8. First, the Court affirmed the Bankruptcy Court's August 30, 2022 order denying six motions: (1) Order Denying Opposing Trustee Final Account and Motion for Relief from Judgment, (2) Order Denying Motion to Set Expedited Hearing Date, (3) Order Denying Motion for Stay of Money Held in Court Register, (4) Order Denying Debtor's Motion for Funds to Hire Expert Witnesses, (5) Order Denying Debtor's Motion for Appointment of Counsel, and (6) Order Denying Debtor's Motion for Continuance. *Id.* at *3–8. Second, the Court also affirmed the Bankruptcy Court's September 12, 2022 Order Denying Appellant's Motion for Reconsideration. *Id.* at *7–8.

Ms. Akers now asks this Court to reconsider its September 28, 2023 decision. *See* Appellant's Mot. Reconsideration ("Mot. Reconsideration"), ECF No. 19.[2]

### III.  LEGAL STANDARD

Ms. Akers moves for reconsideration of this Court's September 28, 2023 decision, but she does not identify the rule under which she seeks reconsideration. Indeed, the Federal Rules of Civil Procedure have no rule specifically addressing motions to reconsider, but "[t]he D.C. Circuit has stated that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e)." *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20

---

[2] Within Ms. Akers's Motion for Reconsideration, she includes a "Motion for an Audit" that the Court assumes is part of her Motion for Reconsideration, in an attempt to revisit the valuations and decisions made by the Bankruptcy Court. *See* Mot. Reconsideration at 3–5.

3

(D.D.C. 2004). Because Ms. Akers filed her motion for reconsideration twenty-five days after the entry of this Court's final judgment, Rule 59(e) relief is available to her. *See In re Owens*, No. 19-cv-2491, 2020 WL 5253843, at *2 n.2 (D.D.C. Sept. 3, 2020) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment" (quoting Fed. R. Civ. P. 59(e))); *see also Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015).

A Rule 59(e) "motion to alter or amend a judgment" is only granted if: "(1) there is an intervening change of controlling law; (2) new evidence becomes available; or (3) the judgment should be amended in order to correct a clear error or prevent manifest injustice." *In re Akers*, 2023 WL 6312403, at *7 (quoting *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018)) (cleaned up). Motions under Rule 59(e) are "an extraordinary remedy which should be used sparingly," *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2012)), and the moving party "bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment," *In re Akers*, 2023 WL 6312403, at *7 (quoting *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012)). Rule 59(e) does not allow a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Ultimately, district courts have "considerable discretion" when ruling on Rule 59(e) motions. *Piper*, 312 F. Supp. 2d at 20.

## IV. ANALYSIS

Ms. Akers fails to establish that she is entitled to relief under Rule 59(e) because her lead argument does not provide any reason for reconsideration, and the remainder of her motion

repeats arguments that the Court has already rejected. Ms. Akers begins her motion by highlighting that four months passed between the last briefing on her bankruptcy appeal and the Court's decision, apparently in the belief that this time period was too long. Mot. Reconsideration at 1. More directly, Ms. Akers states that while this Court's opinion was filed on September 28, 2023, "the mailing envelope [informing Ms. Akers of the Court's decision] is dated 10/03/2023, which is clear evidence that this document was not timely sent to the Appellant . . . [because she] received the mailing on 10/11/2023." *Id.* at 1; see Mot. Reconsideration, Ex. 1 at 2, ECF No. 19-1. That 13-day wait—most of which is attributable to transit time in the mail—is not a basis for relief. After all, Ms. Akers was still able to file a motion for reconsideration with several days left to spare under the requirements of Fed. R. Civ. P. 59(e). *Cf. Qualls v. Fulwood*, No. 09-cv-311 (CKK), 2010 WL 2813486, at *1 (D.D.C. July 8, 2010) (vacating an order when clerical mistake meant that *pro se* plaintiff was never mailed a copy of the unfavorable decision against him, depriving him of opportunity to appeal). Thus, the Court can discern no reason why the short delay identified by Ms. Akers would warrant reconsideration.

Beyond that initial point of contention, Ms. Akers also raises a series of arguments which have already been litigated. Although her motion is not entirely clear, Ms. Akers contends that the bankruptcy court is without jurisdiction because her case was improperly converted under Chapter 7, that the bankruptcy court violated her due process rights by holding "secret hearings" and failing to appoint counsel, that the "final report and final accounting" of her estate was incorrect, and that there was "fraud committed" in her bankruptcy proceedings. Mot. Reconsideration at 1–5. Ms. Akers previously raised these points in her appeal before this Court, where she argued that

5

> she did not agree to the conversion of her case from Chapter 13 to Chapter 7; that the Chapter 13 Trustee purposefully acted against Ms. Akers's interests in a conspiracy with the Bankruptcy Court and that this resulted in a fraudulent foreclosure; that the Bankruptcy Court lacked subject matter jurisdiction because it held secret proceedings and did not give Ms. Akers adequate notice; and that her constitutional rights were violated contrary to 18 U.S.C. §§ 241 and 242.

*See In re Akers*, 2023 WL 6312403, at *4; *see also id.* at *7 (evaluating Ms. Akers's argument that the bankruptcy court abused its discretion "in finding that Ms. Akers was not entitled to the appointment of pro bono counsel"). The Court rejected all of these arguments. *See generally In re Akers*, 2023 WL 6312403.

Despite Ms. Akers's attempt to relitigate old matters, "[t]he law is clear that a 'Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring . . . theories or arguments that could have been advanced earlier." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (quoting *W.C. & A.N. Miller Co.'s v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997)). Here, "[Ms. Akers's] motion [does] nothing more than 'rel[y] on the same arguments that she originally made.'" *Messina v. Krakower*, 439 F.3d 755, 759 (D.C. Cir. 2006) (internal citation omitted). Moreover, Ms. Akers's motion does not address the substance of the Court's decision: for example, she never quotes, cites, or even discusses the opinion. Therefore, because Ms. Akers has not shown a change in the controlling law, the availability of new evidence, or the need to "correct clear error or prevent manifest injustice," her motion for reconsideration of the Court's September 28, 2023 decision is unsuccessful. *See In re Akers*, 2023 WL 6312403, at *7 (quoting *Leidos*, 881 F.3d at 217); Fed. R. Civ. P. 59(e).

## V.  CONCLUSION

For the foregoing reasons, Appellant Ms. Akers's Motion for Reconsideration (ECF No. 19) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: April 26, 2024                                                                   RUDOLPH CONTRERAS
                                                                                        United States District Judge